UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELMER LEE MOORE, <br><br> Plaintiff, <br><br> v. <br><br> ZACHARY MILLER *et al.*, <br><br> Defendants. | CAUSE NO. 3:20-CV-337-DRL-MGG |

OPINION & ORDER

Elmer Lee Moore, a prisoner without a lawyer, filed a complaint alleging that officers of the Goshen Police Department used excessive force against him during an arrest on June 29, 2018. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Moore alleges that, on June 29, 2018, he was arrested and, during the course of the arrest, Officer Zachary Miller and Captain or Sergeant Miller jumped on him and hit or kicked him on the face, head, shoulders, ribs and back though he was not resisting arrest. After being handcuffed, Mr. Moore says Lt. Clere slammed him against the trunk. He told the officers his ribs were broken, and he was taken to the hospital for

examination. Mr. Moore seeks monetary damages from the officers and the Chief of Police.

Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.* Although further factual development may show that use of force was reasonable under the circumstances, giving Mr. Moore the inferences to which he is entitled at this stage, he has alleged a plausible Fourth Amendment claim against Officer Miller, Captain or Sergeant Miller, and Officer Clere.

Mr. Moore has also sued Chief of Police of the Goshen City Police Department, but Mr. Moore does not allege that the Chief of Police was personally involved in the decision to use excessive force against him. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions

in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Thus, Mr. Moore cannot proceed against the Chief of Police.

For these reasons, the court:

(1) GRANTS Elmer Lee Moore leave to proceed against Officer Zachary Miller, Captain or Sergeant Miller, and Officer Clere in their individual capacities for monetary damages for allegedly violating his Fourth Amendment rights by using excessive force on June 28, 2018;

(2) DISMISSES all other claims

(3) DISMISS Chief of Police of the Goshen Police Department;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Miller, Captain or Sergeant Miller, and Officer Clere at the Goshen Police Department with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Miller, Captain or Sergeant Miller, and Officer Clere to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 7, 2020     *s/ Damon R. Leichty*
                                          Judge, United States District Court